Taliaferro, J.
Under an order of seizure and sale against the property of the defendant at the suit of the plaintiff, sale of the tract of land now in controversy was made on the third day of July, 1869, the plaintiff becoming the purchaser. The defendant remained in possession. On the fifteenth of January, 1872, plaintiff brought this suit, setting up title under the sheriff’s sale, and praying to be recognized as owner, and to recover the property.
The defendant answered, setting up the nullity of all the proceedings under the order of seizure and sale, and averring that none ot the forms of law were observed in making the sale, specifying several of the alleged informalities. J. H. Gilfoil, the son of the defendant, intervened, claiming one-half the land in right of his deceased mother, the land being community property between herself and the defendant. Pending this suit, it seems, the defendant died, and the plaintiff filed a supplemental petition making the intervenor a party defendant, as heir of his deceased father. The intervenor, answering this supplemental petition, pleads a general denial, and specially pleads the nullity of the proceedings under which the sale of the property is alleged by plaintiff to have been made by the sheriff; that the pretended sale is null as to him, who was no party to the proceedings.
It is alleged that there was no notice of seizure given in the proceeding via executiva as the law requires, and that the sheriff’s return of service of the notice is defective and illegal; that no legal and valid seizure of the property was made.
We think the defendant has shown that the exception in regard to the seizure was well taken, and must prevail. The proof is, that the sheriff at no time had the mortgaged property in his possession, either under his personal control or under that of a keeper. The defendant, Patrick Gilfoil, remained, after this pretended.seizure, in undisturbed possession of the premises, managing and controlling the place exclusive of everybody else. An actual corporeal possession of propeity seized must take place in order to make a sheriff’s seizure valid, and *266 to render a compliance with, the law complete. The sheriff must have the property in his own possession and under his own control, or in the possession and under the control of some person duly appointed and authorized by him. See the case of Corse v. Stafford, 24 An. 262, and cases there cited.
We regard the seizure in this case as a mere paper seizure, and the sheriff’s sale as a nullity.
It is therefore ordered that the judgment of the lower court, so far as it is rendered in favor of the plaintiff, be annulled and avoided; that its decree in favor of the intervenor be affirmed. It is now further ordered that there be judgment in favor of the defendant, the plaintiff paying costs in both courts,
Eehearing refused.